UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLARENCE WILDCAT, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>AMERICAN WEST DEVELOPMENT, INC., et al.,<br><br>    Defendant(s). | Case No.: 2:19-cv-01248-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 9] |

Pending before the Court is the motion to dismiss for failure to state a claim brought by loandepot.com ("Loan Depot") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 9. Defendant American West filed a joinder. Docket No. 22. Plaintiff filed a response in opposition. Docket No. 26.[1] Loan Depot filed a reply. Docket No. 34. The motion has been referred to the undersigned magistrate judge for a report of findings and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiffs' claim brought under the Real Estate Settlement Procedures Act be **DISMISSED** without leave to amend and that the remaining state law claims be **REMANDED** to state court.

---

[1] Plaintiffs' response was untimely and United States District Judge Jennifer A. Dorsey denied the after-the-fact request for a third extension. *See* Docket No. 33. Plaintiffs' failure to timely respond to the motion to dismiss, standing alone, suffices to grant that motion. *See* Local Rule 7-2(d). For the reasons outlined herein, the motion to dismiss may also be granted on its merits consistent with the recommendation below.

1

## I. BACKGROUND

This case arises out of Plaintiffs' deposit for a new home and their attempts to secure the mortgage to buy that home.[2] In particular, Plaintiffs placed a $5,000 deposit with American West contingent on obtaining a mortgage to finance their purchase of the home. Plaintiffs allege that they were directed by American West to contact Loan Depot about obtaining a mortgage and that Loan Depot informed them that Mr. Wildcat needed to improve his credit to qualify for a loan. Plaintiffs did not qualify for a mortgage by the deadline that had been set, resulting in the cancellation of their contract and Plaintiffs' loss of their deposit.

Plaintiffs filed suit in state court bringing six causes of action against American West and Loan Depot, including a single federal cause of action in the form of a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). *See* Docket No. 1-1. Loan Depot removed the case based on federal question jurisdiction. Docket No. 1.[3] The matter is now before the Court on Loan Depot's motion to dismiss.

## II. STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the operative complaint as true and construe them in the light most favorable to the nonmoving party. *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018). To avoid dismissal, the operative complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the operative complaint must show that there is facial plausibility to the claim. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when

---

[2] Except as otherwise indicated, the facts in this background section are derived from the allegations in Plaintiffs' first amended complaint. Docket No. 7.

[3] American West states repeatedly that this case was removed on diversity jurisdiction grounds, *see, e.g.*, Joinder at 3, which is plainly wrong, Docket No. 1 at 2 ("Defendant LoanDepot is removing the State Action based upon federal question jurisdiction under 28 U.S.C. § 1331").

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS AND FINDINGS

Plaintiffs' amended complaint includes several claims against Loan Depot and American West. The only federal cause of action included in the amended complaint seeks relief under RESPA, so the Court will begin with the arguments as to the sufficiency of that claim.

#### A. RESPA Claim

The motion to dismiss raises several arguments that the RESPA claim fails as a matter of law, including that no factual allegations are made as to the elements of such a claim. *See* Mot. at 6. Section 8 of RESPA prohibits kickbacks for referrals related to settlement services for federally related mortgage loans. 12 U.S.C. § 2607(a). Hence, a basic component of a violation of this provision is the existence of a kickback.

As Loan Depot points out in the pending motion, the amended complaint only alleges in conclusory terms on information and belief that there was a kickback between American West and Loan Depot. *See* Mot. at 6 (arguing that the amended complaint fails to state a claim because, *inter alia*, it "fails to allege what unearned fees Loandepot was paid or when it was paid such monies"); *see also* Am. Compl. at ¶¶ 15, 25, 44, 46. Plaintiffs argue in response that "there is no way for Plaintiffs to know whether [Loan Depot] received any funds from American West" because such information is not within Plaintiffs' control. *See* Resp. at 8. Plaintiffs further argue that they "hope to get this information in discovery." *Id.* Plaintiffs miss the mark. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Federal Rules of Civil Procedure "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*; *see also Keates v. Koile*, 883 F.3d 1228, 1242 n.3 (9th Cir. 2018) (rejecting argument that a plaintiff "should be excused from making the necessary factual allegations because she was not in a position to know all relevant factual details"). "[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014)

3

(emphasis in original).  Plaintiffs' request to proceed with discovery in order to attempt to plead a RESPA claim is not persuasive.[4]

In short, Plaintiffs have offered only conclusory allegations of a kickback that are insufficient to state a claim on which relief may be granted.  Dismissal of the RESPA claim is appropriate.[5]

B.   Amendment

Plaintiffs also seek an opportunity to further amend their complaint.  Resp. at 9.  Loan Depot opposes that request on a variety of grounds, including futility.  *See* Reply at 7-8.  Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Courts consider various factors in analyzing such a request, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint.  *E.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052. (9th Cir. 2003) (*per curiam*).  Futility alone justifies denial of leave to amend.  *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  Courts are within their discretion to deny leave to amend on the basis of futility when the movant fails to specify any additional facts that could be

---

[4] The papers are somewhat of a moving target.  The motion to dismiss includes argument that Plaintiffs fail to state a claim under RESPA because, *inter alia*, the amended complaint "fails to allege what unearned fees Loandepot was paid or when it was paid such monies."  Mot. at 6.  The response does not dispute that such factual allegations are absent from the amended complaint and, instead, Plaintiffs represent that they have no factual basis for alleging that Loan Depot received a kickback from American West.  *See* Resp. at 8 ("there is no way for Plaintiffs to know whether loanDepot received any funds from American West").  Loan Depot inexplicably appears to change course through a footnote in reply, however, asserting that it "understands the Court will accept [the conclusory kickback] allegations as true."  Reply. at 2 n.1.  Loan Depot's understanding is plainly wrong, as courts must accept as true only well-pled facts.  *See, e.g.*, *Iqbal*, 556 U.S. at 679.  Regardless of this lack of clarity in the briefing, the amended complaint fails on its face to state a claim under RESPA such that dismissal of that claim is appropriate.  *See, e.g.*, *Calove v. Nationstar Mtg., LLC*, 2016 WL 3092111, at *3 (D. Nev. May 31, 2016).

[5] The motion to dismiss also argues that a violation of Section 8 of RESPA occurs only in relation to "settlement services," which Loan Depot argues requires the completion of a real estate transaction.  Mot. at 6.  The response to the motion to dismiss does not address this argument.  *See* Resp.  The Court need not resolve this issue given the pleading deficiency identified above.  The Court also notes that this argument is not sufficiently developed by the parties, especially given that the applicable regulation provides that "[s]ettlement service means any service provided in connection with a *prospective* or actual settlement."  *Lane v. Residential Funding Corp.*, 232 F.3d 739, 741 n.1 (9th Cir. 2003) (emphasis added); *accord* 12 C.F.R. § 1024.2 (regulatory definition adopted by the Bureau of Consumer Financial Protection in 2014 following transfer of RESPA oversight from the Department of Housing and Urban Development).

pled to state a claim. *See Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1163 (D. Nev. 2009); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (leave to amend may be denied where the plaintiff "presents no new facts" to be pled). Similarly, leave to amend is properly denied when the movant makes clear that any facts to plead a claim are potentially available only if they first obtain discovery. *See, e.g.*, *Mujica*, 771 F.3d at 593 & n.7.

As noted above, Plaintiffs' amended complaint lacks the factual allegations necessary to state a Section 8 RESPA claim. In particular, the amended complaint provides no factual allegations that there was any kickback made. In seeking leave to amend, Plaintiffs provide no indication as to how they can cure this deficiency. To the contrary, Plaintiffs' response to the motion to dismiss indicates affirmatively that they do not have any additional facts from which to allege a kickback and instead are hoping to find such facts through the discovery process. *See* Resp. at 8; *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("plaintiff's opposition papers [to a motion to dismiss] should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice"). Amendment is properly denied as futile in such circumstances. *Cf. Mujica*, 771 F.3d at 593.

Accordingly, leave to amend is not warranted.

C.     Remand of State Law Claims

This case was removed to federal court on the basis of federal question jurisdiction. Docket No. 1 at 2. Upon dismissal of their RESPA claim, Plaintiffs will be left with only state law claims. A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Because Plaintiffs' only federal claim is subject to dismissal and given the procedural posture of this case, the remaining state law claims should be remanded back to state court for further proceedings in that forum.

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED** in part in that Plaintiffs' RESPA claim be **DISMISSED** without leave to amend. The undersigned further **RECOMMENDS** that this case be **REMANDED** back to state court for adjudication of the remaining state-law claims.

Dated: November 15, 2019

                                             Nancy J. Koppe
                                             United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).